974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David C. ROSEVELL, Plaintiff-Appellant,
v.
George DEEDS, Warden, et al., Defendant-Appellee.
 No. 91-16352.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former Nevada state prisoner David Rosevell appeals pro se the district court's summary judgment in his civil rights action under 42 U.S.C. § 1983. Rosevell contends that the defendants were deliberately indifferent to his medical needs in violation of the eighth amendment of the United States Constitution. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir.1991), cert. denied 112 S.Ct. 2995 (1992). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim based on a violation of his eighth amendment right to adequate medical care, Rosevell must show that the prison officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference to serious medical needs means the "unnecessary and wanton infliction of pain." Id. at 104. Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim [under section 1983]...." Id. at 106; see Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 5
 Here, Rosevell challenged the medical treatment he received for his narcolepsy while he was incarcerated in the Nevada Department of Prisons ("NDOP"). Rosevell contends that the defendants denied him medication for at least eight months, and when medication was prescribed, it was not effective because it caused serious side effects.[1] He also argues that the defendants should have monitored his condition more frequently.
 
 
 6
 The defendants submitted evidence showing that Rosevell had been examined on numerous occasions by NDOP physicians as well as outside medical consultants. See Estelle, 429 U.S. at 107. According to his medical record at NDOP, Rosevell received medication for hypertension and cataplexy, and his EEG and C.T. Scan results were normal. Although new medication to treat Rosevell's narcolepsy was prescribed eight months after his arrival, the delay did not constitute an eighth amendment violation because no substantial harm occurred. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (delay in treatment did not rise to level of deliberate indifference absent substantial harm).[2] Our review of the record indicates that the defendants' actions did not constitute deliberate indifference to Rosevell's medical needs, and therefore, the district court properly granted summary judgment. See Estelle, 429 U.S. at 105.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rosevell states that Ritalin, a drug used to treat narcolepsy, should have been prescribed for his condition. The defendants, however, refused to prescribe Ritalin because Rosevell had high blood pressure and the drug is "contraindicated in people with high blood pressure."
 
 
 [2]
 Rosevell contends that because of the defendants' conduct, he feared for his life while incarcerated. This does not establish a "substantial harm." See Wood, 900 F.2d at 1335